1  David T. Biderman, Bar No. 101577
   DBiderman@perkinscoie.com
2  Thomas N. Abbott, Bar No. 245568
   TAbbott@perkinscoie.com
3  PERKINS COIE LLP
   505 Howard Street, Suite 1000
4  San Francisco, CA 94105-3204
   Telephone: 415.344.7000
5  Facsimile: 415.344.7050

6  Attorneys for Defendant
   RUSHMORE LOAN MANAGEMENT SERVICES
7  LLC [erroneously sued as a California Limited
   Liability Company]
8

9                   UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12 | CARL E. NELSON,                          | No.
13 |         Plaintiff,                       | **NOTICE OF REMOVAL**
14 |     v.
15 | RUSHMORE LOAN MANAGEMENT
   | SERVICES LLC, a California Limited
16 | Liability Company; and DOES 1-50,
   | inclusive,
17
   |         Defendants.
18

19         **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20         **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446,

21 defendant RUSHMORE LOAN MANAGEMENT SERVICES LLC ("Rushmore") hereby

22 removes to this Federal Court the state court action described below.

23         1.     On or about February 13, 2019, Plaintiff CARL E. NELSON ("Plaintiff")

24 commenced an action in the Superior Court of the State of California in and for the County of

25 Sacramento, entitled *Carl E. Nelson v. Rushmore Loan Management Services LLC, et al.*, as case

26 number 34-2019-00250467 (the "Complaint").

27         2.     On February 18, 2019, Plaintiff served Rushmore with process, therefore, this

28 Notice is timely because the 30-day statutory deadline to remove has not expired. *See* 28 U.S.C.

§ 1446(b).

## GROUNDS FOR REMOVAL

### Diversity Jurisdiction

3.   This Court has original jurisdiction because the parties are diverse and the amount in controversy exceeds the jurisdictional limit. 28 U.S.C. §§ 1441(b), 1332. Diversity jurisdiction exists because the civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

4.   <u>Diversity of Citizenship</u>. Complete diversity of citizenship exists in that:

(a)   Plaintiff is a citizen of the State of California. *See* Complaint ¶ 4.

(b)   Rushmore is a limited liability company organized and existing under the laws of the State of Delaware. Rushmore has one member, Roosevelt Management Company, LLC. Roosevelt Management Company, LLC ("Roosevelt") is a limited liability company organized and existing under the laws of the State of Delaware. Roosevelt's sole member is Roosevelt Management Corp. Roosevelt Management Corp. is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

(c)   The defendants identified as "DOES 1 through 50" are fictitious parties against whom no cause of action can be validly alleged. To the best of Defendant's information and belief, no fictitiously designated defendant has been served with process, and these fictitious parties may be ignored for purposes of determining removal.

5.   <u>Amount in Controversy</u>. This action concerns a $381,000 mortgage loan secured by real property in Gold River, California. *See* Complaint ¶ 4. In 2017, $365,471.90 was owed on the loan. *See id.* ¶ 14. However, Plaintiff contends that the loan was paid off by a prior lender in 2013. *Id.* ¶ 12. Plaintiff seeks, inter alia, a "judicial declaration that the Loan was paid off in full." *Id.* at 14. In actions seeking declaratory relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002); *accord*: *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1997). Thus, the object of the litigation is, at a minimum, the amount owed on the loan that is in dispute - $365,471.90.

1  6. <u>Consent of Defendants</u>. All defendants consent to removal.

2  7. <u>Intradistrict Assignment</u>. Pursuant to 28 U.S.C. § 1441(a), assignment to the United States District Court for the Eastern District of California is proper because Plaintiff filed this action in the Superior Court of California, County of Sacramento.

8. <u>Attachment of Pleadings</u>. As required by 28 U.S.C. § 1446(a), a true and correct copy of the state court's docket is attached hereto as **Exhibit A**.

9. <u>Notice to State Court/Plaintiffs</u>. Pursuant to 28 U.S.C. § 1446(d), Rushmore will promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), Rushmore will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

WHEREFORE, Rushmore requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the Sacramento County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED: March 15, 2019

**PERKINS COIE LLP**

By: /s/ Thomas N. Abbott
Thomas N. Abbott, Bar No. 245568
TAbbott@perkinscoie.com

Attorneys for Defendant
RUSHMORE LOAN MANAGEMENT SERVICES LLC [erroneously sued as a California Limited Liability Company]